```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHARLES DEGENNARO, III,                        :
                                               :
                    Appellant,                 :
                                               :
v.                                             :       ORDER TO SHOW CAUSE
                                               :
CRESCENT ELECTRIC SUPPLY CO., INC.             :       19-CV-10261 (PMH)
OF NEW YORK,                                   :
                                               :
                    Appellee.                  :
-------------------------------------------------------------x
```

PHILIP M. HALPERN, United States District Judge:

On November 5, 2019, Charles DeGennaro ("Appellant") filed a notice of appeal appealing a decision in *In re: Charles DeGennaro, III* (No. 18-35222) an action pending in the United States Bankruptcy Court for the Southern District of New York. (Doc. 1).

On December 4, 2019, Appellant request an extension of time to file his brief. (Doc. 5). Judge Cathy Seibel granted Appellant's request for an extension and ordered that Appellant file its brief by January 3, 2020. (Doc. 6). On January 7, 2020, Appellant again requested an extension of time to file his brief. (Doc. 7). Judge Seibel granted Appellant's request for an extension, ordered Appellant to file its brief by February 3, 2020, and stated, "In the future, requests for extensions will be denied if not made before the relevant deadline." (Doc. 8). On February 3, 2020, Appellant requested a third extension of time to file his brief. (Doc. 9). Judge Seibel granted the extension and ordered Appellant to file its brief by February 17, 2020. (Doc. 10). On February 20, 2020, Appellant requested a fourth extension of time to file his brief. (Doc. 11). Judge Seibel granted the extension, ordered that Appellant file his brief by March 2, 2020, and stated that there would be "[n]o further extensions." (Doc. 12). On March 4, 2020, Appellant requested a fifth extension of time to file his brief. (Doc. 13). Judge Seibel denied Appellant's request and ordered Appellant to

1

file its brief "immediately." (Doc. 14). On March 17, 2020, this case was transferred to me. Appellant has still not filed his brief.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte,* and without notice to the parties, dismiss [an action] for want of prosecution." *Taub v. Hale,* 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York,* 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiffs failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id* (internal quotation marks omitted). In particular, the Court should consider:

> (1) the duration of plaintiffs failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted).

Here, despite five requests for extensions of time to file its brief, four of which were granted, Plaintiff still has not filed its brief. Plaintiffs failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility,* No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that Appellant show cause in writing on or before July 6, 2020 why this action should not be dismissed without prejudice for want of prosecution

pursuant to Fed R. Civ. P. 41(b). Failure to comply with this Court's present order will result in dismissal of this case for want of prosecution.

SO ORDERED:

Dated: New York, New York
      June 26, 2020

_____
Philip M. Halpern
United States District Judge

3