UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHARLES DEGENNARO III,

                          Appellant,

v.                                                      **MEMORANDUM OPINION AND ORDER**

CRESCENT ELECTRIC SUPPLY
COMPANY, INC. OF NEW YORK,             19-cv-10261 (PMH)

                          Appellee.
-------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On November 5, 2019, Charles DeGennaro ("Appellant") filed a notice of appeal appealing a decision in *In re: Charles DeGennaro, III* (No. 18-35222) an action pending in the United States Bankruptcy Court for the Southern District of New York. (Doc. 1). Federal Rule of Bankruptcy Procedure 8018 provides that "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1).

      On December 4, 2019, Appellant requested an extension of time to file his brief. (Doc. 5). Judge Seibel granted Appellant's request and ordered that Appellant file its brief by January 3, 2020. (Doc. 6). On January 7, 2020, Appellant again requested an extension of time to file its brief. (Doc. 7). Judge Seibel granted Appellant's request for an extension, ordered Appellant to file its brief by February 3, 2020, and stated, "[i]n the future, requests for extensions will be denied if not made before the relevant deadline." (Doc. 8). On February 3, 2020, Appellant requested a third extension of time to file its brief. (Doc. 9). Judge Seibel granted the extension and ordered Appellant to file its brief by February 17, 2020. (Doc. 10). On February 20, 2020, Appellant requested a fourth extension of time to file its brief. (Doc. 11). Judge Seibel granted the extension,

ordered that Appellant file its brief by March 2, 2020, and stated that there would be "[n]o further extensions." (Doc. 12). On March 4, 2020, Appellant requested a fifth extension of time to file its brief. (Doc. 13). Judge Seibel denied Appellant's request and ordered Appellant to file its brief "immediately." (Doc. 14). On March 17, 2020, this case was transferred to me. On June 26, 2020, I ordered that Appellant show cause in writing by July 6, 2020 as to why the action should not be dismissed for want of prosecution and cautioned that "[f]ailure to comply with this Court's present order will result in dismissal of this case for want of prosecution." (Doc. 15). To date, Appellant has not filed its brief or any response to the Court's June 26 Order.

## STANDARD OF REVIEW

The time limitations of the Bankruptcy Rules are not jurisdictional and, therefore, "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020) (citing *Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.)*, 835 F.2d 54, 56 (2d Cir. 1987)). However, "the Second Circuit instructs that 'the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion.'" *Id.* (citing *Balaber-Strauss*, 835 F.2d at 56). Indeed, it is firmly established that "[a] district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte.*" *Id.*

Courts within the Second Circuit, in determining whether dismissal of a bankruptcy appeal is appropriate, rely on the same factors relevant to the court's inherent authority to dismiss a claim pursuant to Fed. R. Civ. P. 41(b). *Id.*

Relevant factors include:

(1) the duration of plaintiffs failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be

prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted). After consideration of these factors, the Court finds that dismissal at Appellant's bankruptcy appeal is appropriate.

## ANALYSIS

First, Appellant has failed to file its brief for over eight months. Such a delay is enough to warrant dismissal. *See, e.g., Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41." (citing *Lyell Theatre Corp.* v. Loews Corp., 682 F.2d 37, 42–43 (2d Cir. 1982))); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018), *report and recommendation adopted*, No. 15-CV-9730, 2018 WL 2059842 (S.D.N.Y. May 1, 2018), *appeal dismissed,* No. 18-CV-1639, 2019 WL 2369924 (2d Cir. Jan. 16, 2019) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (holding that "a seven-month delay in prosecuting this action . . . weighs heavily in favor of dismissal.").

Second, Appellant received notice that continued failure to comply with court orders would result in dismissal. (*See* Doc. 15) (stating that "[f]ailure to comply with this Court's present order will result in dismissal of this case for want of prosecution.").

Third, while there is no evidence in the record that Appellee has been prejudiced, when a delay is "lengthy and inexcusable" prejudice can be presumed." *See U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 256 (2d. Cir. 2004). Here, despite five requests for extension of time to file its brief (four of which were granted), Appellant still has not filed its brief. Furthermore,

Appellant did not respond to the Court's June 26, 2020 Order to show cause as to why the case should not be dismissed. Such conduct is inexcusable, and prejudice is presumed.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined dismissal appropriate. *See Motors Liquidation Co.*, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020) (finding dismissal appropriate because "[a]ppellant has flatly ignored procedural rules and several orders of this Court for months on end.").

Fifth, no lesser sanctions are appropriate because Appellant has not communicated with the Court since March 4, 2020 (*See* Doc. 13). Appellant has not demonstrated any intent to prosecute its claims or provided any excuse for its failure to file a brief in support of its notice of appeal. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-CV-1448, 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014), *report and recommendation adopted*, No. 14-Cv-1448, 2015 WL 524992 (S.D.N.Y. Feb. 9, 2015) (quoting *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

## CONCLUSION

Based on the foregoing, and upon this record as a whole, the Court finds that dismissal of Appellant's bankruptcy appeal is appropriate. The Clerk is instructed to terminate this action.

SO ORDERED:

Dated: New York, New York
July 29, 2020

_____
Philip M. Halpern
United States District Judge